# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CORDELL, III, | Civil No. 07cv0079 J (RBB) |
| Plaintiff, | **ORDER:** |
| v. | **1) ADOPTING MAGISTRATE JUDGE BROOKS' R&R;** |
| JAMES E. TILTON, et al., | **2) GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. NO. 8]; AND** |
| Defendants. | **2) DENYING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND [DOC NO. 11]** |

Plaintiff Walter Cordell, III ("Plaintiff") filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") in which he alleges that his parole supervisors ("Defendants") imposed and enforced unconstitutional conditions of parole that effectively banished Plaintiff from his home, violated his right to due process by extending his period of parole beyond the term he agreed to under a plea bargain, and deprived him of his right to freedom of association. [Doc. No. 1.] On February 1, 2007, Defendants filed a Motion to Dismiss Plaintiff's Complaint. [Doc. No. 8.] Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Ruben B. Brooks recommending that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint. [Doc. No. 16.] On August 31, 2007, Defendants filed their Objections to the R&R. [Doc. No. 17.] For the reasons set forth below,

the Court **ADOPTS** the R&R and **GRANTS** Defendants' Motion to Dismiss.  Further, the Court **DENIES** Plaintiff leave to amend his Complaint.

*Procedural Background*

Plaintiff was arrested and charged with attempted murder and assault with a deadly weapon after he severely beat a female victim with a wooden dowel; the victim suffered a broken finger and needed over fifty stitches in her head.  (Compl. Ex. A at 1, Ex. M at 2, Ex. N at 2.)  On July 13, 2001, Plaintiff entered an agreement to plead guilty to assault with a deadly weapon inflicting great bodily injury in exchange for a three-year prison term followed by three years of parole.  (Compl. Ex. N at 1-2.)  After serving thirty months of his three year sentence, Plaintiff was paroled to San Diego County.  Plaintiff's parole included a special condition that prohibited Plaintiff from returning to Orange County.  (Compl. Ex. A at 1.)  Plaintiff violated his parole by returning to Orange County and was sentenced to eight months of incarceration.  On July 3, 2004, Plaintiff was released on parole.  Plaintiff violated his parole a second time by returning to Orange County and was sentenced to ten months incarceration.  (Compl. Pl.'s Mem. of P. & A. at 2.)  On May 24, 2006, Plaintiff was released from custody.  Plaintiff violated his parole a third time by traveling beyond fifty miles of his home.  (Compl. Ex. J at 1-2.)  Plaintiff was sentenced to four months imprisonment.  *Id.* at 2.  After serving the sentence for his third parole violation, Plaintiff was paroled a fourth time.  (Defs.' Mem. 3.)  Plaintiff has now absconded from his parole and there is a parolee-at-large warrant currently pending against him.  (*See id*.)

In his Complaint, Plaintiff alleges that Defendants knowingly and blatantly administered illegal and unconstitutional conditions of parole that violate both the California and United States Constitutions by effectively banishing him from his home and denying him his right to freedom of association.  (Compl. Pl.'s Mem. of P. & A. at 2.)  Plaintiff asserts that the terms of his parole include a condition precluding him from returning to Orange County, his home.  *Id.* at 1.  At the time of his release, Plaintiff was prepared with living arrangements and employment to return to Orange County.  *Id.*  Plaintiff alleges that he was unable to find employment in nearby

San Diego County and that, in part, he violated his probation by returning to Orange County because he missed his family and was suffering emotional distress as a result of being banished from his home and the resulting inability to see his children, attend his church, or find employment. *Id.*

Plaintiff also contends that Defendants violated his right to due process by extending his period of parole beyond the term he agreed to under a plea bargain. (Compl. Pl.'s Mem. of P. & A. at 8.) Plaintiff asserts that he plea bargained his entire sentence including the period of parole to obtain a lighter sentence and that the additional time added to his period of parole is a violation of that plea agreement and his right to due process. *Id.*

Plaintiff also asserts that Defendants prohibited his freedom of association by banishing him from his home. (Compl. Pl.'s Mem. of P. & A. at 11.) As a result of the parole condition prohibiting Plaintiff from entering San Diego County, Plaintiff was unable to attend his church or meet with his AA home group. *Id.* Plaintiff argues that the parole restriction and resulting violation of the Plaintiff's right to free association have no relationship to his offense and are also not related to any potential criminal conduct. *Id.* at 12. Plaintiff concludes that these parole conditions unreasonably violate Plaintiff's right to free association and are invalid. *Id.* at 13.

According to the Complaint, Plaintiff seeks to recover monetary damages in excess of twenty-one million dollars, an injunction preventing Defendants from enforcing the conditions of his parole, an order that he be immediately released from parole, and "oversight of the [California Department of Corrections] to prevent future violations of individuals['] constitutional rights." (Compl. at 7.)

In their Motion to Dismiss, Defendants argue that: (1) the fugitive disentitlement doctrine precludes Plaintiff from litigating these claims, (2) Defendants are absolutely immune from liability for damages, (3) Plaintiff's claims are not properly brought in a Section 1983 action, (4) Plaintiff's claims are without merit, and (5) Defendants are entitled to qualified immunity. (Defs.' Mem. 6-14.) Plaintiff submitted an Opposition to Motion to Dismiss [doc. no. 13] and a Motion for Leave of Court to Amend Complaint [doc. no. 11]. Plaintiff seeks to amend his

Complaint to assert claims against the Defendants in their individual capacities rather than their official capacities. (Mot. to Amend 1.)

### *Legal Standard*

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. §636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1) (2005); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). In the instant case, Defendant has filed an Objection to the R&R. Accordingly, this Court will conduct a de novo review of the conclusions of law and the findings of fact to which Defendant has objected.

Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate only where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable theory. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the motion, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Gompper v. VISX, Inc.*, 298 F. 3d 893, 896 (9th Cir. 2002).

### *Discussion*

Plaintiff contends in his Section 1983 action that Defendants administered illegal parole conditions and extended his parole term in violation of the California and United States Constitutions. In response, Defendants assert that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff: (1) is barred from

litigating these claims under the fugitive disentitlement doctrine, (2) Defendants are absolutely immune from liability for damages, (3) Plaintiff's claims are not properly brought in a civil rights action, (4) Plaintiff's claims are without merit, and (5) Defendants are entitled to qualified immunity. ( *See* Defs.' Mem. 6-14.)  For the reasons stated below, the Court **ADOPTS** the R&R and **GRANTS** Defendants' Motion to Dismiss.  Further, the Court **DENIES** Plaintiff leave to amend his Complaint.

### I. Defendants' Motion to Dismiss
### A. Fugitive Disentitlement Doctrine

The fugitive disentitlement doctrine provides that an individual "who seeks to invoke the processes of the law while flouting them has no entitlement 'to call upon the resources of the Court for determination of his claims.'"  *Conforte v. Comm'r.*, 692 F.2d 587, 589 (9th Cir. 1982) (quoting *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970)).  Courts have regularly applied this doctrine to dismiss both criminal appeals and related civil proceedings instituted by fugitives. *See*, *e.g.*, *Molinaro*, 396 U.S. at 366 (appeal from criminal conviction); *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 587-88 (9th Cir. 1985) (civil forfeiture proceeding); *Conforte*, 692 F.2d at 589-90 (appeal from decision of tax court arising from criminal conviction for tax fraud); *Doyle v. Dept. of Justice*, 668 F.2d 1365, 1365-66 (D.C. Cir. 1981) (suit brought under the Freedom of Information Act for records relating to plaintiff's criminal sentence); *Griffin v. New York Corr. Cmm'r*, 882 F. Supp. 295, 297 (E.D.N.Y. 1995).

The application of the fugitive disentitlement doctrine is discretionary.  *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1054-55 (9th Cir. 1991) (citing *Katz v. United States*, 920 F.2d 610, 611-12 (9th Cir. 1990); *Hussein v. I.N.S.*, 817 F.2d 63, 63 (9th Cir. 1990).  The doctrine does not deprive the Court of jurisdiction to hear a plaintiff's claims but instead authorizes their dismissal of the claims based on equitable considerations. *Id.*  (Citations omitted).  For the application of the fugitive disentitlement doctrine to be appropriate, the Court must first determine whether Plaintiff is properly characterized as a fugitive.  *See United States v. Gonzales*, 300 F.3d 1048, 1051 (9th Cir. 2002).  "The doctrine does not apply to [a party] just

because he has not reported as directed to the probation office, in the absence of a showing that he has fled or hidden himself from the jurisdiction of the court." *Id.*

Plaintiff admits that he is a fugitive and that he is actively evading arrest. A warrant has been issued for Plaintiff's arrest and he is considered a parolee-at-large. Plaintiff claims that despite his fugitive status, he should be permitted to litigate these claims. (Notice of Opp'n 1-2). Magistrate Judge Brooks correctly found that this argument fails. It would be inequitable to allow Plaintiff to litigate his claims challenging the legality of his parole while he remains a fugitive from the legal system. Accordingly, this Court **GRANTS** Defendants' Motion to Dismiss the Plaintiff's Complaint under the fugitive disentitlement doctrine.

**B. Absolute Immunity for Defendants**

The Eleventh Amendment entitles parole officials to absolute immunity from lawsuits for actions that they take that are quasi-judicial in nature. Such duties include the decision to grant, deny, or revoke parole. *Swift v. California*, 384 F. 3d 1184, 1189 (9th Cir. 2004); *Anderson*, 714 F.2d at 908-09; *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). Because parole conditions are an integral part of the decision to grant parole, their imposition is a quasi-judicial function and entitle Defendants to absolute immunity. *Anderson*, 714 F.2d at 909 (citing *Morrissey v. Brewer*, 408 U.S. 471, 478 (1972)).

Parole officials, however, are not entitled to absolute immunity for actions they take in a law enforcement capacity. A parole agent is functioning as a police officer when issuing an arrest warrant or investigating a possible parole violation and, as a result, is not entitled to absolute immunity for these actions. *Id.* at 1191-92 (citing *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5,8 (1st Cir. 1987)). Defendants Tilton and Quintanilla were primarily responsible for the imposition of parole and the parole conditions assigned to Plaintiff and are absolutely immune from civil liability for these actions taken in their official capacity. Defendants Sanchez and Trujillo were responsible for investigating Plaintiff's parole violation and issuing the arrest warrant and, as a result, are not entitled to absolute immunity for these law enforcement actions.

1    Defendants object to the Magistrate Judge Brooks' finding that Defendants Sanchez and
2 Trujillo are not entitled to absolute immunity for their law enforcement actions as they relate to
3 Plaintiff's parole violations. Defendants assert that the Supreme Court held in *Will v. Mich.*
4 *Dep't of State Police*, 491 U.S. 58, 66 (1989), that Section 1983 claims brought against state
5 officials in their official capacities are barred under the Eleventh Amendment. Defendants fail
6 to consider that the applicability of absolute immunity, as opposed to qualified immunity, is
7 determined by the functions officials perform. *Anderson v. Boyd*, 714 F.2d 906, 908 (9th Cir.
8 1983) (citing *Butz v. Economou*, 438 U.S. 478, 511-12 (1978)). The decisions involved in the
9 application and enforcement of parole are quasi-judicial functions and entitle state officials to
10 absolute immunity. Under California's system of parole, however, "a parole agent acts as a law
11 enforcement official when investigating parole violations and executing parole holds." *Swift v.*
12 *California*, 384 F. 3d 1184, 1189 (9th Cir. 2004). In *Swift*, the Ninth Circuit held that parole
13 agents are not entitled to absolute immunity when acting in a law enforcement capacity. *Id.*
14 Here, Defendants Sanchez and Trujillo were acting as law enforcement officers when they
15 investigated the parole violation and issued the arrest warrant. As a result, they are not entitled
16 to absolute immunity for these actions.

17    As such, the Court **GRANTS** Defendants Motion to Dismiss on the grounds that
18 Defendants are entitled to absolute immunity with regards to Defendants Tilton and Quintanilla
19 and **DENIES** Defendants Motion to Dismiss with regards to Defendants Sanchez and Trujillo.

20    **C.  Plaintiff's Claims under Section 1983.**

21    A prisoner's Section 1983 action is barred if the prisoner has to demonstrate the invalidity
22 of his confinement in order to be granted relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005);
23 *Heck*, 512 U.S. 477, 487 (1994); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.
24 1997)(discussing *Edwards v. Balisok*, 520 U.S. 6441 (1997)). A habeas action remains the
25 exclusive remedy for a state prisoner who challenges the duration of his or her confinement even
26 if any potential claim may come within the literal terms of Section 1983. *Heck*, 512 U.S. at 481
27 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)); *see also Wilkinson v. Dotson*, 544
28 U.S. at 78. The Supreme Court held that, like a prisoner, a parolee can properly proceed with a

1  habeas corpus petition to challenge his or her underlying sentence because a parolee is still "in
2  custody" within the meaning of the habeas petition. *Jones v. Cunningham*, 371 U.S. 236 (1963).
3  Although the law is clear with regards to the exclusivity of habeas actions for prisoners
4  challenging their confinement and the ability of parolees to file habeas petitions to challenge
5  their sentences, the law remains unclear with regards to whether habeas actions are the exclusive
6  remedy for parolees challenging their sentence.

7  Magistrate Judge Brooks provides a persuasive analysis. The Seventh Circuit is the only
8  circuit court of appeals that has definitively answered the question. In *Drollinger v. Milligan*,
9  555 F.2d 1220 (7th Cir. 1977), the Seventh Circuit found that habeas corpus was the exclusive
10 means for a probationer to challenge the terms of his or her probation. *Drollinger*, 552 F.2d at
11 1225. The court stated that because the parole conditions themselves are what keep a parolee in
12 custody, any challenges to those conditions must be brought in a habeas petition. Using the
13 Seventh Circuit's analysis, Plaintiff's first and third causes of action, which challenge the
14 conditions of his parole can only be properly brought in a habeas action. Additionally, Plain-
15 tiff's second cause of action, alleging that his parole term has been extended beyond his sentence
16 (compl. 4.) is a direct challenge of the duration of his sentence which, as the Supreme Court
17 noted in *Jones*, can only be done in a habeas petition. Accordingly, the Court **GRANTS**
18 Defendants' Motion to Dismiss on the grounds that Plaintiff's claims are not properly brought in
19 a Section 1983 civil action.

20 **D. Merit of Plaintiff's Claims under Rule 12(b)(6)**

21 Pursuant to Rule 12(b)(6), the Court may grant a motion to dismiss for failure to state a
22 claim "only if it is clear that no relief could be granted under any set of facts that could be
23 proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).
24 The Court must assume the Plaintiff's factual allegations are true and resolve all reasonable
25 inferences in his favor. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

26 Although a court granting parole may impose reasonable conditions on the parolee that
27 affect some of the freedoms enjoyed by law-abiding citizens, the constitutionality of a parole
28 condition is a fact specific inquiry. A special condition of parole will be upheld if it has a

rational basis and is reasonably related to the nature of the offense and the history and characteristics of the offender. *See United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003); *Bagley*, 718 F.2d at 925; *see also Yahweh v. U.S. Parole Comm'n*, 158 F. Supp. 2d 1332, 1344 (S.D. Fla. 2001) (applying the "reasonably related" test to parolee's challenge to parole conditions made on the basis of freedom of association). A parole condition can impose no greater deprivation of liberty than is reasonably necessary to advance the government interest underlying the condition. *See United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003). Here, Plaintiff pleaded guilty to committing a violent assault against a victim who resides in Orange County. Additionally, the victim requested that Plaintiff not be returned to Orange County. Thus, there is a rational basis for the government to prohibit Plaintiff's entry into Orange County. The government, however, does not provide Plaintiff with the option to pursue an exception to this restriction even though Plaintiff's family, including his children, reside in Orange County. In *Bagley v. Harvey*, 718 F.2d 921 (9th Cir. 1983), the Ninth Circuit upheld a condition prohibiting a parolee from entering Washington unless he first received permission from the parole commissioner. This permission was granted for purposes of litigation or child visitation. *Id.* In light of *Bagley*, the absolute restriction from entering Orange County in Plaintiff's case is overbroad and not reasonably related to accomplishing the government's objective.

In its Objection, Defendants argue that the parole conditions prohibiting Plaintiff from entering Orange County provide an exception. Defendants cite California Code of Regulations, title 15, section 2512(a)(3) as providing this exception by saying a parolee "shall comply with all instructions of your parole agent and will not travel more than 50 miles from his residence." Cal. Code Regs. tit 15, § 2512(a)(3) (West 2007). Although this exception allows Plaintiff to seek special permission to travel, it only refers to the parole condition that limits the distance a Plaintiff can travel from his residence. This provision does not reference Plaintiff's ability to enter Orange County. Thus, the condition prohibiting entry into Orange County remains overbroad and unconstitutional. The condition is also not reasonably necessary to accomplish-ing the government's goal of maintaining the safety of the victim since the goal can be

maintained with an exception allowing the Plaintiff to enter Orange County.  As a result, Plaintiff has sufficiently alleged a constitutional violation with regards to claims one and two of his Complaint.

Plaintiff alleges in claim two of his Complaint that Defendants illegally violated his plea agreement by keeping him on parole after the expiration of the three-year parole term.  Under California law, the "[t]ime during which parole is suspended because the prisoner has absconded or has been returned to custody as a parole violator shall not be credited toward any period of parole unless the prisoner is found not guilty of the parole violation."  Cal. Penal Code § 3000 (b)(5) (West Supp. 2007); *see also* Cal. Code Regs. tit. 15, § 2515(a) (West 2007).  Accordingly, the time that Plaintiff served for each of his parole violations is not counted towards the three-year parole period and the extension of Plaintiff's parole for the periods that he was in custody was done in compliance with California law.  Thus, Plaintiff has not sufficiently alleged facts that support relief on his second claim.

As such, the Court **GRANTS** Defendants' Motion to Dismiss on the grounds that Plaintiff has failed to state a claim with regards to Plaintiff's second claim and **DENIES** the Motion to Dismiss on the grounds that Plaintiff has failed to state a claim with regards to Plaintiff's first and second claims.

**E. Defendants' Entitlement to Qualified Immunity**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added).  A constitutional right is "clearly established" if it is sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  The threshold inquiry a court must undertake in a qualified immunity analysis is whether Plaintiff's allegations, if true, establish a constitutional violation." *Hope*, 536 U.S. at 736; *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).  If the allegations make out a constitu-

tional violation, the next step is to determine whether the right alleged to have been violated is "clearly established." *Saucier*, 533 U.S. at 201.

### 1. Parole Conditions Restricting Entry into Orange County.

Plaintiff does not have a constitutional right to be paroled to the location of his choice. *Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir. 1983); *Zupan v. Brown*, 5 F. Supp. 2d 792, 804 (N.D. Cal. 1998); *see also Alonzo v. Rozanski*, 808 F. 2d 637, 638 (7th Cir. 1986). Under some circumstances, however, parole conditions that cause the de facto banishment of a parolee can amount to an unconstitutional infringement of liberty. *See Dear Wing Jung v. United States*, 312 F. 2d 73, 76 (9th Cir. 1962) (finding unconstitutional a sentencing condition that required the foreign citizen defendant to depart from the United States). Thus, Plaintiff's claim that he was banished from his home due to the imposition of an unreasonable parole condition is based on a valid legal theory that, under the correct factual situation, could entitle him to relief. As stated above, Plaintiff's parole condition prohibiting entry into Orange County is both rationally related to the offense and overbroad. Thus, taken in the light most favorable to the Plaintiff, Plaintiff has sufficiently alleged a constitutional violation with regards to that claim.

The above right, however, was not clearly established. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640; *see also Saucier*, 533 U.S. at 202. California Penal Code Section 3003 provides that ""an inmate who is released on parole shall be returned to the county that was the last legal residence of the inmate prior to his or her incarceration." Cal. Penal Code § 3003(a) (West. Supp. 2007). But "an inmate may be returned to another county [other than that of his last legal residence] if that would be in the best interests of the public." Cal. Penal Code § 3003(b). Additionally, "an inmate who is released on parole shall not be returned to a location within 35 miles of the actual residence of a victim of . . .a felony in which the defendant inflicts great bodily injury [,]" if the victim requests additional distance and the CDC finds there is need to protect the victim's safety.

///

///

Cal. Penal Code § 3003(f). In imposing the conditions of Plaintiff's parole, Defendants relied on these statutes. Thus, the parole regulations are not obviously unconstitutional and, as a result, Plaintiff cannot prove that Defendants have violated Plaintiff's clearly established constitutional rights.

*2. Extension of Period of Parole*

As discussed above, Plaintiff's second claim that Defendants violated his right to due process by extending his term of parole beyond the three-year period included in his plea agreement is erroneous. (Compl. 4; Compl. Mem. of P. & A. at 7-11.) Under California law, the time that Plaintiff served for each of his parole violations is not counted towards the three-year parole period. Thus, the "extension" of Plaintiff's parole for the time served is in compliance with California law and is not a violation of a constitutional right. Additionally, because the extension was set pursuant to duly enacted statutes, even if Plaintiff could make out a due process claim, Defendants are entitled to qualified immunity. A reasonable parole official would have believed that reliance on provisions of the California Penal Code was appropriate and in compliance with constitutional standards. *See Dittman v. California*, 191 F.3d at 1020, 1027 (9th Cir. 1999). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss on the grounds that Defendants are entitled to qualified immunity.

**II.  Motion for Leave of Court to Amend Complaint**

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Unless it is absolutely clear that amendments to the complaint cannot cure its deficiencies, a pro se litigant must be given leave to amend and the district court must give the litigant a statement of the complaint's deficiencies. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Here, granting Plaintiff's Motion to Amend his Complaint to sue Defendants in their individual capacities rather than their official capacities would be futile. As discussed above, Defendants' Motion to Dismiss is granted on the grounds that Plaintiff's claims are properly brought in a habeas corpus petition and that Plaintiff is not entitled to proceed under the fugitive

disentitlement doctrine.  Allowing Plaintiff to amend his Complaint to sue Defendants in their individual capacity does not rectify the grounds for dismissal.  Thus, the Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint.

## *Conclusion*

For the reasons set forth above, the Court **ADOPTS** the R&R and **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion for Leave of Court to Amend, and **DISMISSES WITH PREJUDICE** this action in its entirety.

**IT IS SO ORDERED.**

cc:  Magistrate Judge Brooks
     All Parties of Record

DATED: September 17, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge